ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2010 JUL 29 PM 2:58
CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| BILAL SALEEM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 310-042 |
| ) | |
| WALT WELLS, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, has filed a petition under 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.[1]

### I. BACKGROUND

The Federal Bureau of Prisons ("BOP") has contracted with the Corrections Corporation of America ("CCA"), a private corporation, to house federal prisoners at MCF, a facility operated by CCA. The contract requires CCA to follow the BOP Program Statement for Disciplinary Procedures. While incarcerated at MCF, Petitioner committed

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

a disciplinary infraction, which resulted in his appearance before a Disciplinary Hearing Officer ("DHO"). (Doc. no. 1, p. 2.) The DHO found that Petitioner had engaged in a Group Demonstration, and as a result, Petitioner lost 27 days of "Good Conduct Time" ("GCT"). (Id.) Petitioner seeks the reinstatement of his GCT.

## II. DISCUSSION

Petitioner raises the following grounds for relief in his petition. The CCA/MCF, a privately run facility, acted outside its scope of authority when it sanctioned Petitioner with a loss of 27 days GCT. (Doc. no. 1, p. 3.) Petitioner maintains that there are no statutes or regulations that authorize employees of a private corporation to take GCT from federal inmates. (Id.) Accordingly, Petitioner maintains that because the CCA/MCF are employees of a privately run facility, and not BOP employees, they do not have the authority to sanction federal prisoners with a loss of GCT. (Id.) Finally, Petitioner maintains that the CCA staff violated 18 U.S.C. § 912 by falsely assuming to be an officer or employee acting under the authority of the United States and forfeiting 27 days GCT from Petitioner. (Id.) Petitioner's claims are interrelated and will be addressed together.

Petitioner argues that CCA does not meet the regulatory definition of a federal prison or correctional institution, and that it therefore is not authorized to enforce federal regulations providing for the forfeiture of GCT. Documents attached to the petition indicate that both BOP and CCA administrator reviewed Petitioner's disciplinary proceedings and determined that the proceedings were conducted in substantial compliance with the applicable BOP Program Statement, the weight of the evidence supported the DHO's decisions, and the sanctions imposed were appropriate. (See id. at 5-15.)

2

The BOP is responsible for "the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(3). The BOP's authority in this area may include contracting out the care of prisoners to private facilities. Id. § 4013(a)(3). The relationship between the federal government and facilities which house federal inmates pursuant to contract has been described as follows:

> Even though the federal government may enter into contracts with a local agency for imprisonment of federal prisoners, "no 'federal agency or officer thereof has any authority to exercise any control over the day to day management of the local institution or over the details of the custody and care of federal prisoners confined therein.'" . . . . 18 U.S.C. § 4001(b)(1), [provides] that "'[t]he control and management of Federal penal and correctional institutions. . . shall be vested in the Attorney General, who shall promulgate rules for the government thereof, and appoint all necessary officers and employees in accordance with the civil-service laws. . .'" Therefore, when the Attorney General is not permitted to fulfill this role with respect to a penal facility, even when a contract for usage of that facility exists, the facility cannot properly be categorized as a "Federal" prison.

United States v. Cardona, 266 F. Supp.2d 558, 560 (W.D. Tex. 2003) (internal citations omitted).

Here, Petitioner argues that MCF, which is run by CCA, is not a "federal" prison. Petitioner points out that the daily management and control of MCF is the responsibility of CCA, not the BOP. The BOP has no direct or constructive control over managerial functions at MCF. For these reasons, the Court agrees that MCF is not a "federal" prison.

The Court must now determine whether MCF, as a non-federal facility, may nevertheless impose disciplinary sanctions as delegated by the BOP. The Honorable Dudley H. Bowen, Jr., United States District Judge in Ravelo v. Pugh, CV 306-012 (S.D. Ga. Feb. 13, 2006), recognized that "[i]t is well-established that federal agencies may not delegate

3

their statutory authorities to private parties. However, '[t]he ultimate test of the validity of an agency's delegation of responsibility to a private party is whether the delegating agency retains final decision-making authority.'" Id. (citing Ocean Conservancy v. Evans, 260 F. Supp. 2d 1162, 1183 (M.D. Fla. 2003)). Here, the BOP determined that the disciplinary proceedings and resulting disallowance of GCT were proper.[2] Because the BOP has retained final decision-making authority in the imposition of disciplinary sanctions, it has not unlawfully delegated its authority to CCA. Petitioner may not obtain relief on these grounds.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 29th day of July, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]The Court takes judicial notice of evidence submitted in related cases filed in this district by MCF prisoners indicating that the BOP maintains final decisionmaking authority on prisoner discipline issues.

4